UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ATMOS NATION, LLC,

      Plaintiff,

vs.

GRENCO SCIENCE, INC.,
A CALIFORNIA CORPORATION,
ANTHONY BARRON, AN INDIVIDUAL,
DOMAINS BY PROXY, LLC,
A DELAWARE CORPORATION

      Defendants.
_____/

**DEMAND FOR JURY TRIAL**

## COMPLAINT

This is an action by ATMOS NATION, LLC, dba Atmos RX ("Atmos"), by and through the undersigned counsel, against Defendants GRENCO SCIENCE, INC. ("Grenco"), ANTHONY BARRON ("Barron"), and DOMAINS BY PROXY, LLC. ("Domains by Proxy"), and states in support thereof as follows:

## THE PARTIES

1. Plaintiff Atmos Nation, LLC is a Nevada Limited Liability Company doing business in Florida. Its principle place of business in Florida and does business under the name "Atmos RX."

2. Upon information and belief, Defendant Grenco is a California based corporation that does business in Florida.

3. Upon information and belief, Defendant Anthony Barron is President of Grenco and a citizen of California.

1

4.  Upon information and belief, Defendant Domains by Proxy is a Delaware corporation with its principal place of business in Arizona that does business in Florida.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

6.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

7.  Defendant Grenco and Barron are subject to general and specific jurisdiction of this Court by virtue of their substantial contacts with Florida, but not limited to, marketing products to consumers in Florida, and operating an active website through which consumers in Florida can purchase Grenco Science Products.

8.  Defendant Domains by Proxy is subject to general and specific jurisdiction of this Court by virtue of their substantial contacts with Florida, but not limited to, marketing services and products to consumers in Florida, and operating an active website through which companies doing business in Florida can purchase and utilize their services.

9.  Atmos is in the business of designing, marketing, and selling portable vaporizers and accessories throughout the United States and the world.

10. Since November 8, 2011, Atmos has had the following marks registered with the United States Patent and Trademark Office: a) Federal Trademark Registration No. 4052867 (See attached Exhibit "A"), and b) Federal Trademark Registration No. 4052873 (See attached Exhibit "B").

11. Atmos vaporizers have received industry recognition and acclaim. In November 2012, The "Atmos Raw" was awarded vaporizer of the year by *High Times*

*Magazine* (See attached Exhibit "C").

12. On March 27, 2013, *High Times Magazine*, again awarded the Atmos Raw with the distinction of vaporizer of the year (See Attached Exhibit "D"). In stark contrast, the Grenco model called the G-Pen received a third place ranking.

13. In October 2012, Atmos stopped producing and marketing new vaporizers with the word "Raw" in its products because the term "Raw" is a registered trademark of BBK Tobacco & Foods, LLP, dba HBI International ("HBI").

14. Currently, the "Atmos RX" vaporizer is the industry standard and is the highest regarded vaporizer product in the country.

15. Grenco President Barron sought to capitalize on Atmos's industry recognition by registering domain names designed to divert business from Atmos and designed to confuse consumers.

16. According to website whois.domaintools.com, the email address Anthonybarron@sbcglobal.net is associated with 440 domain names. (See Attached Exhibit "E"). Barron has registered many of the infringing names via Domains by Proxy in order to protect his identity.

17. Barron registered the following infringing domain names either through himself or via Domains by Proxy:

  a) www.atmosrx.co, b) www.atmosrx.us, c) www.atmos-rx.us, d) www.atmosrx.net, e) www.atmosrx.info, f) www.atmosrx.org, g) www.atmosrxvape.com, h) www.atmosvape.com (See Attached Composite Exhibit "F" and Composite Exhibit "G"). (Barron allowed his registration for www.atmos-rx.us to lapse likely because that particular domain was not profitable).

3

18. In addition to registering these domains in bad faith with an intent to profit, all of the infringing domains actually display the term Atmos in the URL on every single page of the various infringing sites.

19. In addition, Barron redirected another competitor, The Vape-X Corporation, with federally registered trademark number 4349327 to the Atmos Rx Website. Their distinctive mark Vapexhale, for electric aromatherapy vaporizers has registered www.vapexhale.com. However, Barron redirected www.vapexhale.co and vapexhale.org to www.atmosrx.com (See attached Exhibit "H").

20. Grenco Science and Barron used these marks without permission or authority from Atmos and has infringed upon Atmos's mark by promoting, advertising, distributing, selling, and offering to sell products under Atmos's trademarked domain name.

21. Atmos has spent significant sums of money and expended significant efforts to promote its Atmos RX products, including internet advertising, point of sale materials, sponsorships, contests, and attendance at trade shows. Atmos RX is prominently featured in advertisements and promotions.

22. As a result of Atmos's substantial use and promotion of its marks, Atmos has acquired great value for its products, which serve to distinguish Atmos from that of its competitors. The Atmos RX mark is an asset of significant value as a symbol of its quality products and goodwill.

23. Upon information and belief, Barron and Grenco Science's infringement was intended to trade upon the goodwill and substantial recognition associated with Atmos's line of products.

24. Upon information and belief Grenco Science used mark to associate

themselves with Atmos or otherwise to trade upon Atmos's reputation.

25. Upon information and belief, Grenco Science's unauthorized use the mark Atmos RX is intended to cause confusion, mistake, or deception.

26. Upon information and belief, Grenco intended to cause consumers and potential customers to believe that Grenco's products are associated with Atmos when, in fact, they are not.

27. By virtue of the acts outlined herein, Barron and Grenco Science created a likelihood of injury to Atmos's business reputation, by causing both actual confusion and the strong likelihood of consumer confusion as there was an attempt to make it appear that Grenco and Atmos were related entities. Upon information and belief, Barron and Grenco Science's acts outlined herein are willful and deliberate.

28. Grenco deliberately diverted business from consumers who typed Atmos in the URL, and intended to go to a trademarked Atmos site, and were not even redirected to www.grencoscience.com.

29. Domains by Proxy, through its service, has aided Barron and Grenco in committing trademark infringement by protecting their identity.

30. Grenco and Barron's acts outlined herein have caused damage to Atmos in an amount to be determined at trial, and such damages will continue to increase unless and until Grenco and Barron are enjoined from its wrongful conduct and the domains are transferred over to Atmos.

31. Grenco and Barron's acts outlined herein have caused Atmos to suffer irreparable injury to its business. Atmos will suffer a substantial loss of goodwill and reputation unless and until Grenco is preliminarily and permanently enjoined from the

wrongful actions outlined herein.

32. The name Atmos, as well as the logo and designs used by the company, have acquired special meaning within the vaporizer industry. Accordingly, Atmos retained the undersigned counsel to bring this action.

**COUNT I -VIOLATION OF ANTICYBERSQUATTING
CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

33. Plaintiff realleges paragraphs 1 through 32.

34. Atmos is the owner of two marks protected under the Anticybersquatting Consumer Protection Act ("ACPA"). Atmos's marks are distinctive and famous.

35. Grenco and Barron registered all the domains containing the term "Atmosrx" with a bad faith intent to profit from those domains.

36. Grenco and Barron intended to divert, and in fact did divert, customers looking to do business with Atmos to the site of a direct competitor, which resulted in confusion and created the impression customers were actually purchasing authentic Atmos products.

37. Neither Grenco nor Barron believed, or had any reasonable grounds to believe, that use of the domain names was a fair use or otherwise lawful.

38. Grenco and Barron acted willfully in registering domain names derived from its direct competitor, widely acclaimed to be the best in the industry, and profiting by selling its full line of products on the Atmos websites.

39. In fact, Grenco and Barron created additional damages to the reputation of Atmos by, rather then redirecting customers to their own website, actually leaving the Atmos domain at the top of the URL Bar on every single page on their infringing websites.

40. Grenco and Barron also squatted on Vapexhale's domains to create the

6

impression that Atmos was misappropriating their mark.

41.     Domains by Proxy has assisted Grenco and Barron by protecting their identity on a substantial number of registered infringing domains.

42.     As a direct and proximate result of Defendants' violation of ACPA, Atmos suffered actual damages, while Grenco, Barron, and Domains by Proxy have earned profits.

43.     The circumstances described herein are exceptional and warrant an award of attorney's fees.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco, Barron, and Domains by Proxy, jointly and severally, for three times the actual damages or profits or statutory damages, plus interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to Atmos or otherwise engaging in cybersquatting, and such further relief as may be just.

## COUNT II- FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

44.     Plaintiff realleges paragraphs 1 through 43.

45.     Plaintiff had prior rights to the name Atmos as the trademarks have been federally registered since November 8, 2011.

46.     Grenco and Barron used domain names, key words and phrases, which were likely to cause confusion, to cause mistake, to deceive as to the connection of, and/or to divert consumers from Atmos to Grenco.

47.     Grenco and Barron intentionally used the Atmos domain names, and engaged

in the other offending conduct, in connection with the sale, or offering for sale of its goods and products.

48. Domains by Proxy have assisted Grenco and Barron in all these acts by harboring their identity.

49. As a direct and proximate result of Defendants' conduct, Grenco has suffered actual damages, while Barron, Grenco, and Domains by Proxy earned profits.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco, Barron, and Domains by Proxy, jointly and severally, for three times the actual damages or profits or statutory damages, plus interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to National Procedures Institute, and such further relief as may be just.

## COUNT III - FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114(l)(a))

50. Plaintiff realleges paragraphs 1through 49.

51. Plaintiff is the prior user of the name Atmos RX and its marks have priority.

52. Grenco and Barron have used the mark in commerce.

53. Grenco and Barron's use of the mark is likely to cause consumer confusion and/or to divert consumers away from Atmos.

54. Grenco and Barron had a bad faith intent to profit from the registration of the domain names a) www.atmosrx.co, b) www.atmosrx.us, c) www.atmos-rx.us, d) www.atmosrx.net, e) www.atmosrx.info, f) www.atmosrx.org, and g) www.atmosrxvape.com, h) www.atmosvape.com.

55. In addition, Barron purposely and willfully created consumer confusion and

devalued Atmos's trademark by registering www.vapexhale.co and vapexhale.org and redirecting those sites to www.atmosrx.com.

56. Domains by Proxy harbored the identity of the Barron and Grenco, profited, and were complicit in committing trademark infringement.

57. As a direct and proximate result of Defendants' trademark infringement, Atmos has suffered damages.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco, Barron, and Domains by Proxy, jointly and severally, for three times the actual damages or profits or statutory damages, plus interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to Atmos, and such further relief as may be just.

### COUNT IV - FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)

58. Plaintiff realleges paragraphs 1 through 57.

59. Plaintiffs' marks are famous.

60. Grenco and Barron adopted the mark after Plaintiffs mark became famous.

61. Grenco and Barron diluted Plaintiffs mark both by blurring and by tarnishment. Defendants' conduct impaired the distinctiveness of Plaintiffs mark. Its inferior quality products hurt the reputation of the marks.

62. In addition, Barron purposely and willfully created consumer confusion and sought to devalue Atmos's trademark by registering www.vapexhale.co and vapexhale.org and redirecting those sites to www.atmosrx.com

63. Grenco and Barron willfully intended to trade on the recognition of Plaintiffs'

famous marks.

64. As a direct and proximate result of Defendants' trademark dilution, Atmos has suffered damages.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco and Barron, jointly and severally, for three times the actual damages or profits or statutory damages, plus interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to Atmos or otherwise diluting Plaintiffs mark, and such further relief as may be just.

### COUNT V - COMMON LAW UNFAIR COMPETITION

65. Plaintiff realleges paragraphs one through 64.

66. Plaintiff is the prior user of the name Atmos.

67. Grenco and Barron used the domain name, key words and phrases, or some combination thereof to sell products that were a direct competitor to the plaintiff and its already established marks.

68. As a direct and proximate result of Defendants' actions, consumer confusion and diversion have occurred, causing Plaintiff compensatory damages.

69. Grenco and Barron engaged in their deceptive or fraudulent conduct willfully and with the intent to steal business from Atmos.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco and Barron, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to Atmos or otherwise engaging in the offending conduct described herein, and such

further relief as may be just.

### COUNT VI - COMMON LAW TRADEMARK INFRINGEMENT

70. Plaintiff realleges paragraphs 1 through 69.

71. Plaintiff is the prior user of the name Atmos and its marks have priority.

72. Grenco and Barron have used the marks in commerce.

73. Grenco and Barron's use of the mark is likely to cause consumer confusion.

74. Grenco and Barron purposely and willfully created consumer confusion and sought to devalue Atmos's trademark by registering www.vapexhale.co and vapexhale.org and redirecting those sites to www.atmosrx.com

75. Grenco and Barron had a bad faith intent to profit from the registration of the domain names a) www.atmosrx.co, b) www.atmosrx.us, c) www.atmos-rx.us, d) www.atmosrx.net, e) www.atmosrx.info, f) www.atmosrx.org, and g) www.atmosrxvape.com, h) www.atmosvape.com.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco and Barron, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from using any name similar to Atmos, and such further relief as may be just.

### COUNT VII - FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Fla. Stat. §§ 501.204. 501.2015, and 501.211)

76. Plaintiff realleges paragraphs 1 through 75.

77. Grenco and Barron engaged in unfair methods of competition, unconscionable

acts or practices, and/or unfair or deceptive acts.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages.

WHEREFORE, Atmos asks that this Court enter judgment against Grenco and Barron, jointly and severally, for damages, interest, attorneys' fees, costs, temporary and permanent injunctive relief prohibiting Defendants from ever again engaging in the unfair and deceptive conduct described herein, and such further relief as may be just.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of August, 2013, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system.

Respectfully submitted,

Shrayer Law Firm, LLC.
101 Northeast 3rd Avenue, Suite # 1500
Fort Lauderdale, FL 33301
Tel.   (954) 601-3372
Email: glen@shrayerlaw.com

**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253