IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:13-cv-61813- Scola/Valle

**ATMOS NATION, LLC**,
a Nevada limited liability company,

        Plaintiff,

  v.

**GRENCO SCIENCE, INC.**,
a California corporation, and
**Anthony Barron**, an individual,

        Defendants.

## DEFENDANT GRENCO SCIENCE, INC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Grenco Science, Inc., a California corporation (hereinafter "Defendant Grenco" or "Defendant), by and through the undersigned counsel, hereby files this Answer, Affirmative Defenses and Counterclaim to the First Amended Complaint of Plaintiff, Atmos Nation, LLC (hereinafter "Plaintiff"), as follows:

## ANSWER

## INTRODUCTION

1. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint and therefore denies the same.

2. Defendant Grenco admits that Plaintiff Atmos is in the business of designing, marketing, and selling portable vaporizers, and their accessories throughout the United States and the world. Defendant Grenco admits that vaporizers are devices that can heat tobacco, nicotine (as in the case of e-cigarettes), or other compounds to a temperature which is below the point of combustion, but which allows the compounds to be vaporized and inhaled. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth that Atmos's websites (one of which is www.atmosrx.com), are online stores where consumers can view and purchase products, and therefore denies the same. Defendant Grenco admits that Defendant Barron registered approximately four hundred and forty-six (446) websites with GoDaddy.com, LLC ("Go Daddy") containing the registered mark Atmos. Defendant Grenco denies that Barron then concealed his identity as the registrant for four hundred and thirty five (435) of those websites by purchasing domain privacy protection services offered by Domains by Proxy, LLC ("Domains by Proxy").  Defendant Grenco admits that Defendant Barron sold vaporizers for Grenco Science, Inc. but denies that the websites were or are infringing. Grenco Science denies the remaining the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Defendant Grenco denies the allegations set forth in Paragraph 3 of the Amended Complaint.

### DEFINITIONS

4. Defendant Grenco admits the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendant Grenco admits the allegations set forth in Paragraph 5 of the Amended

Complaint.

6. Defendant Grenco admits the allegations set forth in Paragraph 6 of the Amended Complaint.

## THE PARTIES

7. Defendant Grenco admits the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendant Grenco admits the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendant Grenco admits the allegations set forth in Paragraph 9 of the Amended Complaint.

## JURISDICTION AND VENUE

10. Defendant Grenco admits the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendant Grenco admits the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendant Grenco denies the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Defendant Grenco admits that it is subject to general and specific jurisdiction of this Court by virtue of its substantial contacts with Florida, but not limited to, marketing products to consumers in Florida, and operating an active website through which consumers in Florida purchase Grenco Products, but denies that Defendant Barron is is subject to general and specific jurisdiction of this Court by virtue of its substantial contacts with Florida, but not

limited to, marketing products to consumers in Florida, and operating an active website through which consumers in Florida purchase Grenco Products.

14. Defendant Grenco denies the allegations set forth in Paragraph 14 of the Amended Complaint.

## FACTUAL BACKGROUND

15. Defendant Grenco admits the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint and therefore denies the same.

17. Defendant Grenco admits the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Defendant Grenco admits the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Defendant Grenco admits the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendant Grenco admits the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendant Grenco denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and therefore

denies the same.

23. Defendant Grenco denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant Grenco denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant Grenco denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint and therefore denies the same.

27. Defendant Grenco admits that the primary business of Grenco was, and continues to be, the sale of portable vaporizers sold and marketed via the World Wide Web. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth that the primary business of Atmos was and continues to be, the sale of portable electric vaporizers sold and marketed via the World Wide Web.

28. Defendant Grenco admits the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendant Grenco denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendant Grenco denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint and therefore

denies the same.

32. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint and therefore denies the same.

33. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint and therefore denies the same.

34. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint and therefore denies the same.

35. Defendant Grenco admits the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint and therefore denies the same.

37. Defendant Grenco denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint and therefore denies the same.

39. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint and therefore denies the same.

40. Defendant Grenco denies the allegations set forth in Paragraph 40 of the Amended Complaint.

41. Defendant Grenco lacks knowledge or information sufficient to form the belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint and therefore denies the same.

42. Defendant Grenco denies the allegations set forth in Paragraph 42 of the Amended Complaint.

43. Defendant Grenco lacks knowledge or information sufficient to form the belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Complaint and therefore denies the same.

44. Defendant Grenco lacks knowledge or information sufficient to form the belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint and therefore denies the same.

45. Defendant Grenco denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint and therefore denies the same.

47. Defendant Grenco denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant Grenco denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendant Grenco denies the allegations set forth in Paragraph 49 of the Amended

Complaint.

50. Defendant Grenco denies the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendant Grenco denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendant Grenco denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Defendant Grenco denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendant Grenco denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendant Grenco denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendant Grenco denies the allegations set forth in Paragraph 56 of the Amended Complaint.

## COUNT I – VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

57. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1 - 56 of the Amended Complaint as if fully set forth herein.

58. Defendant Grenco denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendant Grenco denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Defendant Grenco denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Amended Complaint and therefore denies the same.

62. Defendant Grenco denies the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Defendant Grenco denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64. Defendant Grenco denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Defendant Grenco denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Defendant Grenco denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Defendant Grenco denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Defendant Grenco denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Defendant Grenco denies the allegations set forth in Paragraph 69 of the Amended Complaint.

70. Defendant Grenco denies the allegations set forth in Paragraph 70 of the Amended Complaint.

**COUNT II – FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

71. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1-70 of the Amended Complaint as if fully set forth herein.

72. Defendant Grenco denies the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Defendant Grenco denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Defendant Grenco denies the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Defendant Grenco denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Defendant Grenco denies the allegations set forth in Paragraph 76 of the Amended Complaint.

77. Defendant Grenco denies the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Defendant Grenco denies the allegations set forth in Paragraph 78 of the Amended Complaint.

**COUNT III – FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(l)(a))**

79. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1 - 78 of the Amended Complaint as if fully set forth herein.

80. Defendant Grenco denies the allegations set forth in Paragraph 80 of the Amended Complaint.

81. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Amended Complaint and therefore denies the same.

82. Defendant Grenco denies the allegations set forth in Paragraph 82 of the Amended Complaint.

83. Defendant Grenco admits the allegations set forth in Paragraph 83 of the Amended Complaint.

84. Defendant Grenco denies the allegations set forth in Paragraph 84 of the Amended Complaint.

85. Defendant Grenco denies the allegations set forth in Paragraph 85 of the Amended Complaint.

86. Defendant Grenco denies the allegations set forth in Paragraph 86 of the Amended Complaint.

87. Defendant Grenco denies the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Defendant Grenco denies the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Defendant Grenco denies the allegations set forth in Paragraph 89 of the Amended Complaint.

90. Defendant Grenco denies the allegations set forth in Paragraph 90 of the Amended Complaint.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

91. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1 - 90 of the Amended Complaint as if fully set forth herein.

92. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Complaint and therefore denies the same.

93. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Amended Complaint and therefore denies the same.

94. Defendant Grenco denies the allegations set forth in Paragraph 94 of the Amended Complaint.

95. Defendant Grenco denies the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Defendant Grenco denies the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Defendant Grenco denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Defendant Grenco denies the allegations set forth in Paragraph 98 of the Amended Complaint.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

99. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1 - 98 of the Amended Complaint as if fully set forth herein.

100. Defendant Grenco denies the allegations set forth in Paragraph 100 of the Amended Complaint.

101. Defendant Grenco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Amended Complaint and therefore denies the same.

102. Defendant Grenco denies the allegations set forth in Paragraph 102 of the Amended Complaint.

103. Defendant Grenco denies the allegations set forth in Paragraph 103 of the Amended Complaint.

104. Defendant Grenco denies the allegations set forth in Paragraph 104 of the Amended Complaint.

105. Defendant Grenco denies the allegations set forth in Paragraph 105 of the Amended Complaint.

106. Defendant Grenco denies the allegations set forth in Paragraph 106 of the Amended Complaint.

107. Defendant Grenco denies the allegations set forth in Paragraph 107 of the Amended Complaint.

**COUNT VI – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(Fla. Stat. §§ 501.204, 501.2015, and 501.211)**

108. Defendant Grenco repeats and realleges each of the foregoing responses to Paragraphs 1 - 107 of the Amended Complaint as if fully set forth herein.

109. Defendant Grenco denies the allegations set forth in Paragraph 109 of the Amended Complaint.

110.   Defendant Grenco denies the allegations set forth in Paragraph 110 of the Amended Complaint.

111.   Defendant Grenco denies the allegations set forth in Paragraph 111 of the Amended Complaint.

112.   Defendant Grenco denies the allegations set forth in Paragraph 112 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's mark "ATMOS" is the generic term (when translated from the Greek language) for "Vapor", which is a generic description of the Plaintiff's products and is therefore incapable of being a validly registered U.S. Federal trademark.  Therefore, Plaintiff's registered trademarks containing the term "atmos" are invalid and should be cancelled.

### THIRD AFFIRMATIVE DEFENSE

3.   Plaintiff's mark "ATMOS" is the generic term (when translated from the French language) for "Vapor", which is a generic description of the Plaintiff's products and is therefore incapable of being a validly registered U.S. Federal trademark.  Therefore, Plaintiff's registered trademarks containing the term "atmos" are invalid and should be

cancelled.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's mark "ATMOS" is the descriptive term (when translated from the Greek language) for "Vapor", which is a description of the Plaintiff's products and is therefore incapable of being a validly registered U.S. Federal trademark. Therefore, Plaintiff's registered trademarks containing the term "atmos" are invalid and should be cancelled.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's mark "ATMOS" is the descriptive term (when translated from the French language) for "Vapor", which is a description of the Plaintiff's products and is therefore incapable of being a validly registered U.S. Federal trademark. Therefore, Plaintiff's registered trademarks containing the term "atmos" are invalid and should be cancelled.

## COUNTERCLAIMS

And for a compulsory counterclaim in this action, pursuant to Federal Rules of Civil procedure 13(a), Defendant/Counter-plaintiff Grenco Science, Inc. alleges:

1. Defendant/Counter-plaintiff, Grenco Science, Inc. ("Grenco"), is a California corporation organized and existing under the laws of the State of California, having its principal place of business in Los Angeles, California.

2. On information and belief, Plaintiff/Counter-defendant, Atmos Nation, LLC ("Atmos"), is corporation organized and existing under the laws of Nevada, having its

principal place of business in Davie, Florida.

3. This Court has subject matter jurisdiction over this Action under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), 1367, and 1338. This case primarily involves a federal question.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

5. On August 20, 2013, Atmos filed a Complaint (the "Complaint") which initiated this Civil Action No. 0:13-cv-618163-RNS.

6. On November 26, 2013, Grenco filed its Answer and Affirmative Defenses to the Complaint.

7. On January 2, 2014, Atmos filed its First Amended Complaint (the "Amended Complaint").

8. In its Amended Complaint, Atmos alleged that it owned (i) U.S. Trademark Registration No. 4,052,873 for the "Atmos RX" design mark for "electric vaporizers"; (ii) U.S. Trademark Registration No. 4,052,867 for the "Atmos RX" word mark for "electric vaporizers"; U.S. Trademark Registration No. 4,410,411 for the "Atmos RX" design mark for "smoker's articles, namely, handheld electronic vaporizers for personal inhalation of dry herbs and oils"; and U.S. Trademark Registration No. 4,410,410 for "Atmos RX" word mark for "smoker's articles, namely handheld electronic vaporizers for personal inhalation of dry herbs and oils" (collectively, the "Atmos Registrations").

9. In their Complaint, Atmos asserted that the Atmos Registrations evidenced legal rights to exclude Grenco form using the word "Atmos" in its domain names for websites selling portable electric vaporizers.

10. Grenco has denied that Atmos has any legal right to exclude Grenco from using

16

the word "Atmos" in its web domain names to indicate the sale of portable electric vaporizers.

11.     The word "Atmos" is the generic term (when translated from the Greek language) for "Vapor", which is a generic description of the Atmos' products and is therefore incapable of being a validly registered U.S. Federal trademark.

12.     The word "Atmos" is the generic term (when translated from the French language) for "Vapor", which is a generic description of the Atmos' products and is therefore incapable of being a validly registered U.S. Federal trademark.

13.     The word "Atmos" is the descriptive term (when translated from the Greek language) for "Vapor", which is a description of the Atmos' products and is therefore incapable of being a validly registered U.S. Federal trademark.

14.     The word "Atmos" is the descriptive term (when translated from the French language) for "Vapor", which is a description of the Atmos' products and is therefore incapable of being a validly registered U.S. Federal trademark.

15.     An actual controversy exists between Grenco and Atmos concerning whether Atmos has any valid legal right to exclude Grenco from using the word "Atmos" in its web domain names to indicate the sale of portable electronic vaporizers.

16.     An actual controversy exists between Grenco and Atmos concerning whether this lawsuit was filed by Atmos for improper purposes, including to hinder lawful competition from Grenco in the sale of electronic vaporizers.

17.     As characterized and asserted in the Amended Complaint, the Atmos Registrations encompass generic and descriptive uses of the word "Atmos" and to that extent, the Atmos Registrations are invalid, unenforceable, and are not infringed by Defendant/Counter-plaintiff Grenco.

## **PRAYER FOR RELIEF**

WHEREAS, Defendant Grenco Science, Inc. demands judgment against Plaintiff Atmos Nation, LLC and prays that the Court issue an Order to:

i. Dismiss the Amended Complaint of Plaintiff with prejudice;

ii. Declare, adjudge, and decree that the Atmos Registrations are invalid insofar as they purport to evidence claims of right to exclude use of the word "Atmos" to describe portable electronic vaporizers;

iii. Declare, adjudge, and decree that the Atmos Registrations are invalid and therefore should be cancelled because the word "Atmos" is a generic and descriptive term for vapor;

iv. Declare, adjudge, and decree that Grenco's past use of the word "Atmos" has not infringed or invaded any legal rights of the Atmos;

v. Declare that this is an "exceptional case" that warrants an award of attorney's fees and costs against Atmos; and

vi. Award Grenco such other and further equitable relief as this Court may deem just and proper.

Dated: January 24, 2014

Respectfully submitted,

s/Barry L. Haley_____
Barry L. Haley, Esq. (Fla. Bar No. 123351)
Email: BLH@MHDPatents.com
MALIN HALEY DiMAGGIO & BOWEN, P.A.
1936 South Andrews Ave.
Fort Lauderdale, Florida 33316
Telephone: (954) 763-3303
Facsimile: (954) 522-6507
*Counsel for Defendant Grenco Science, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 24th day of January 2014, as a result of the CM/ECF system being down, a true and correct copy of this document, namely Defendant Grenco's Answer, Affirmative Defenses, and Counterclaim, was served by overnight courier to all attorneys of record identified on the attached Service List.

On the 27th day of January 2014, I electronically filed the foregoing document with the Clerk of the Court for the Southern District of Florida using the CM/ECF system, which will send electronic notice to all attorneys of record identified on the attached Service List.

Dated: January 27, 2014

Respectfully submitted,

MALIN HALEY DiMAGGIO
& BOWEN, P.A.

s/Barry L. Haley_____
Barry L. Haley, Esq.
Florida Bar No. 123,351
Email: BLH@MHDPatents.com
1936 S. Andrews Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-3303
Facsimile:  (954) 522-6507
*Counsel for Defendant Grenco Science, Inc.*

## **SERVICE LIST**

Atmos Nation, LLC v. Grenco Science, Inc. *et al.*
U.S. District Court for the Southern District of Florida, Fort Lauderdale Division
Civil Action No. 0:13-cv-61813-RNS

Glen H. Shrayer, Esq.
SHRAYER LAW FIRM, LLC
101 Northeast 3rd Avenue, Suite No. 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 601-3732
Email : glen@shrayerlaw.com